UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourt.gov

In re:                                                          Case No. 14-35129-AJC
                                                                Chapter 13

INES S. VALDIVIA,

       Debtor.
_____/

**MOTION TO VACATE ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY TROPICAL PARK VILLAS CONDOMINIUM ASSOCIATION, INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)(4) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9024**

**COMES NOW**, the Creditor, Tropical Park Villas Condominium Association, Inc. (hereinafter "Creditor") and requests this Honorable Court grant relief from the Order Granting Motion to Value and Determine Secured Status of Lien on Real Property Held by Tropical Park Villas Condominium Association, Inc. [ECF #37] (hereinafter "Valuation Order") pursuant to Federal Rule of Civil Procedure 60(b)(4) and Federal Rule of Bankruptcy Procedure 9024, and in support, state as follows:

1. The Creditor requests relief from Valuation Order as the Motion to Value and Determine Secured Status of Lien on Real Property Held by Tropical Park Villas Condominium Association, Inc. [ECF #30] (hereinafter "Valuation Motion") was not properly served on the Creditor pursuant to Federal Rule of Bankruptcy Procedure 7004. As such, the Valuation Order should be vacated as the Creditor has a meritorious objection to said valuation that would have been presented had the Valuation Motion been properly served.

1

I. **The Valuation Order should be vacated as the Debtor failed to properly serve the Creditor pursuant to Federal Rule of Bankruptcy Procedure 7004(b)(3).**

2. Federal Rule of Bankruptcy Procedure 7004(b)(3) states that service upon a domestic corporation must be completed as follows:

> **(3)** Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to **the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process** and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant. (Emphasis Added).

Federal Rule of Bankruptcy Procedure 7004. Federal Rule of Bankruptcy Procedure 9014 provides that contested matters, including matters such as the Valuation Motion, require service of process pursuant to Rule 7004. As a general rule, motions to value, which seek relief against a corporation, partnership, or unincorporated association may not be served upon an unnamed officer, director, or agent, and the movant is required to adhere to a standard of reasonable and appropriate diligence in ascertaining the individual names. *In re Franchi*, 451 B.R. 604, 606 (Bankr. S.D. Fla. 2011). The Certificate of Service [ECF #32] (hereinafter "Certificate of Service") filed in relation to the Valuation Motion and Notice of Hearing clearly demonstrate that the Debtor did not follow this general rule and did not properly serve the Valuation Motion on Creditor.

3. The Certificate of Service filed in relation to the Valuation Motion does not include the necessary parties. The Certificate of Service claims to have served Creditor at the address of 10251 S.W. 72nd Street, Unit 104, Miami, Florida 33173. While the proper mailing address for the Creditor at the time of service was 10251 S.W. 72nd Street, Unit A-104, Miami, Florida 33173, it is clear on the face of the certificate that the Valuation Motion was not served

on "…an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process" as it was addressed to the Creditor directly. Additionally, the Debtor claims to have served the Creditor via its President, Antonio R. Gonzalez at 780 N.W. 42 Avenue, Suite 630, Miami, Florida 33126. The problem with service on Mr. Gonzalez is that he was not the President of the Creditor at the time of service. Jerry L. Gehman was the President and Director of the Creditor on the date of the alleged service. The address listed for Mr. Gehman on corporate filings is 3828 S.W. 79th Avenue, Unit 108, Miami, Florida 33155. As such, both attempts to serve the motion on the Creditor were ineffective pursuant to Federal Rule of Bankruptcy Procedure 7004. A copy of the Certificate of Service is attached hereto as Exhibit "A". A copy of the 2014 Annual Report of the Creditor is attached hereto as Exhibit "B".[1]

4.      Federal Rule of Civil Procedure 60(b)(4) states, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: …(4) the judgment is void." Generally, a judgment is void if the court lacked subject matter jurisdiction or personal jurisdiction, which can occur if a party was not properly served. *In re Outboard Marine Corp.*, 369 B.R. 353, 358 (Bankr. N.D. Ill. 2007). It is clear that the Creditor was not properly served under the law based on the Debtor's Certificate of Service. As such, the Creditor should be relieved from the entry of this Valuation Order as it is void under law as the Creditor was never properly served with the Valuation Motion or Notice of Hearing.

---

[1] The information contained on the Creditor's 2014 annual report would have been the most up to date information available to the Debtor on the date of service of the Valuation Motion.

## II. <u>Debtor cannot value the Creditor's lien as the real property is held as tenants by the entireties.</u>

5. Additionally, the Valuation Order in this matter is contrary to the law. The Debtor took ownership of the real property in question on October 20, 2004 as tenants by the entireties with her husband, Miguel Odicio. The property remains titled in the name of the Debtor and her husband as tenants by the entireties as of the date of filing this Motion. This Court has already ruled that an individual may not strip a lien in a Chapter 13 Bankruptcy when a property is held as tenants by the entireties. "Because the Property is held as TBE, the Debtor, *individually,* is prohibited from stripping the Secured Creditor's lien. Tenancy by the entireties is a form of ownership of property unique to married couples." *In re Alvarez*, No. 11-44246-BKC-AJC, 2012 WL 1425097, at 2 (Bankr. S.D. Fla. 2012). If a Debtor was allowed to cramdown the value of the Property, a non-filing spouse would be granted the benefit of having filed for bankruptcy without having to carry any of the burdens. *Id.* at 3. The Debtor cannot individually reduce or eliminate a lien encumbering real property which is owned as tenants by the entireties with Debtor's non-filing spouse, unless the non-filing spouse is a debtor in this Chapter 13 case, and is entitled to receive a Chapter 13 discharge. *Id.* The deed to the real property in question clearly shows that the property is held as tenants by the entireties. A copy of the deed is attached hereto as Exhibit "C".

6. The Valuation Order is contrary to this Court's ruling in *Alvarez*. As such, the Creditor has a meritorious objection, which was not properly addressed due to the service issue. Additionally, as the Court has pointed out in *Alvarez*, even if the lien were to remain valued as to this Debtor, the Creditor's lien remains as to the Debtor's husband and encumbers the entire property. As such, the Debtor's discharge and subsequent recording of the Valuation Order would have no effect.

**WHEREFORE**, the Creditor, Tropical Park Villas Condominium Association, Inc., request this Honorable Court enter an Order vacating the Valuation Order and for any and all other relief this Honorable Court deems appropriate.

Dated: April 10, 2016.

## CERTIFICATE OF COMPLIANCE

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

    Respectfully Submitted,

    Law Offices of Richard R. Robles, P.A.
    905 Brickell Bay Drive, Suite 228
    Miami, Florida 33131
    Tel: (305) 755-9200
    Fax: (305) 755-9270
    Primary E-mail: rrobles@roblespa.com
    Secondary E-mail: nrossoletti@roblespa.com
    knieves@roblespa.com

    By: /s/ Richard R. Robles, Esquire
    RICHARD R. ROBLES, ESQUIRE
    Fla. Bar No. 0088481
    NICHOLAS G. ROSSOLETTI, ESQUIRE
    Fla. Bar No. 005146